(No. 3785—

FLOYD COOK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

CHARLES G. SEIDEL, Elgin, Illinois, attorney for claimant.

GEORGE F. BARRETT, Attorney General, for respondent; WM. L. MORGAN, Assistant Attorney General, of counsel.

DAMRON, J.

This complaint was filed on the 29th day of March 1943. The record consists of said complaint, departmental report, transcript of evidence, stipulation, rule to show cause, abstract of evidence, and claimant's statement, brief, and argument.

The stipulation filed herein shows that claimant at the time of his injury was being paid $225.00 per month without maintenance; that the State of Illinois, in the

operation of the Elgin State Hospital, is under the Workmen's Compensation Act, in that the employment is hazardous; that the questions presented to this Court are whether or not the claimant was injured in the course of and arising out of his employment, and whether or not proper notice was given under the Workmen's Compensation Act.

The evidence discloses that at the time of the filing of this complaint, the claimant was 46 years of age, was an employee of the Department of Public Welfare, working at Elgin State Hospital as a stationary engineer; that he entered the employ of the respondent in October 1920 as an attendant and was gradually promoted from that date to the 6th day of October 1942 to the last mentioned position.

. The evidence discloses that on the last mentioned date, he was lifting a 50 lb. sack of lime in the engine room of the Elgin State Hospital for the purpose of putting the lime in a water softener; in order to place this material in the water softener, he was required to lift said sack above his head; the sack became loosened from his grip, struck him causing him to fall to the floor, the bag again fell back against him striking him in the stomach at the left side above the hip bone; that he suffered severe pain in his left side in the region of the groin. He went to Dr. Raymond G. Scott, Geneva, Illinois, for examination on October 6, 1942; that Dr. Scott after an examination of the claimant, diagnosed his condition as a left inguinal hernia and recommended that an operation be performed upon the claimant in order to repair said hernia. Dr. Scott furnished claimant with a truss to be worn by him until the operation was performed. The record further discloses that on the same date, the claimant reported his injury to Benjamin D.

Burdick, the master mechanic at said institution, who was the immediate superior of the claimant.

The evidence further discloses that Burdick sent claimant to the general hospital on the grounds of the Elgin State Hospital where he was examined by Dr. Groner, who also informed claimant that he had suffered a hernia and that it could not be cured without an operation. Claimant testified that prior to the accident he had never had trouble before in the region of the stomach or the groins.

On November 24, 1944 the following stipulation was entered into by and between the attorneys of record:

"It is hereby stipulated and agreed by. and between the above claimant by Charles G. Seidel, his attorney, and the above respondent by George F. Barrett, its attorney, as follows:

1. That the fair and reasonable cost of an operation to correct a left inguinal hernia is Three Hundred Dollars ($300.00) and that the average temporary total disability due to such treatment is four (4) weeks."

Upon consideration of this record, we make the following findings: That the claimant and respondent were on the 4th day of October 1942, operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned, said claimant sustained accidental injuries which did arise out of and in the course of the employment and that notice was given said respondent within two days thereafter and claim for compensation on account thereof was made on said respondent within the time required under Section 8, par. (d-1) of the Act.

That the earnings of the claimant during the year next preceding the injury were $2,700.00 and that the average weekly wage was $51.92; that claimant at the time of the injury was 46 years of age and had no dependent children.

The Court finds that said claimant sustained a left inguinal hernia as a result of said accidental injury and that under the stipulation in this case, the respondent shall provide said claimant with the necessary medical, surgical, and hospital services to the amount of $300.00 to cure or relieve from the effects of the injury as provided in paragraph (d-1) of Section 8 of said Act as amended. The Court further finds that it is provided in said stipulation that the respondent shall pay to the claimant a sum representing four weeks as temporary total compensation during the recovery period after said operation.

An award is therefore entered in favor of claimant, Floyd Cook, in the sum of Three Hundred ($300.00) Dollars for surgical and hospital expenses and the sum of Sixty-Six ($66.00) Dollars for four weeks temporary total compensation at $16.50 per week making a total of Three Hundred Sixty-Six ($366.00) Dollars.

The claimant having elected to select his own surgeon to perform this necessary operation, the payment of the above award in a lump sum to this claimant by the respondent shall extinguish and bar all claims for compensation for any disability suffered by claimant hereafter as a result of said injury.